IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2012

## STATE OF TENNESSEE v. NGOC DIEN NGUYEN

**Direct Appeal from the Circuit Court for Robertson County**
**No. 74CC3-2010-CR-293     John H. Gasaway, III, Judge**

_____

**No. M2012-00988-CCA-R3-CD - Filed December 19, 2012**

_____

Defendant, Ngoc Dien Nguyen, appeals the trial court's revocation of his sentences of probation. Defendant pled guilty to two counts of writing or passing worthless checks over $1,000.  He received a sentence of two years for each count, as a Range I standard offender, to be served concurrently on probation. Subsequently, a probation violation warrant was filed, which alleged that Defendant had violated his probation by committing new offenses, failing to report the new offenses to his probation officer, failing to notify his probation officer that he was back in Tennessee after serving a parole violation in California, and failing to provide proof of payment of court costs and fines. Following the hearing the trial court revoked Defendant's probation and ordered him to serve the remainder of his effective two-year sentence in confinement, with credit for time served.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and D. KELLY THOMAS, JR., J., joined.

Roger E. Nell, District Public Defender; and Ann Kroeger, Assistant Public Defender, for the appellant, Ngoc Dien Nguyen.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Probation Violation Hearing

At the probation violation hearing, John Walwyn, a probation officer with the Tennessee Board of Probation and Parole, testified that he was assigned to supervise Defendant when Defendant was placed on probation in Robertson County in this case. He said that an NCIC report was requested on Defendant in September of 2010, and it revealed that a parole violation was pending in California against Defendant, and an extradition warrant had been issued. Mr. Walwyn testified that when Defendant reported to the probation office on October 4, 2010, the Robertson County Sheriff's Department took Defendant into custody pursuant to the warrant. Until that point, Defendant had been reporting and paying his fees and court costs.

Mr. Walwyn testified that in February of 2012, he was informed that Defendant had pled guilty to new charges in Sumner County and would be sentenced in the Sumner County Circuit Court. Prior to that time, Defendant had not called Mr. Walwyn and reported that he was back in Tennessee after being extradited to California. Mr. Walwyn said:

> I made numerous attempts to call the parole officer, his parole officer in California; I checked the California prison site and could never find anything - - any information during that time, but since it was an extradition, no extradition - - no bond warrant out of California. [sic] And that's my understanding from checking with Sumner County - - I mean, the Robertson County jail, that he was released on and released back to California. And the states have a bad time of getting back with you on these things.

He testified that Defendant was eventually sentenced to six years in confinement for the Sumner County offenses.

Defendant testified that he reported to Mr. Walwyn twice each month and paid his fees until Mr. Walwyn found out about his parole violation from California. He said that he was extradited back to California, served three months, and was released on January 6, 2011. Defendant claimed that after his release, he reported to his parole officer in California who told him that since he was paroled in California, his probation in the state of Tennessee was terminated.

Defendant testified that he traveled back to Tennessee to see his family in Sumner County. He said that he began gambling and wrote a worthless check. Defendant admitted

that he had a gambling problem. He said that he was sentenced to serve six years for the Sumner County convictions to be served consecutively to the present offenses.

At the conclusion of the hearing, the trial court stated:

The history here in Robertson County under 2010-CR-293 is as follows: [Petitioner] entered a plea of guilty on April the 30th of 2010 under counts one and two, each being the felony - - violation of the felony bad check law; he was sentenced to a term of two years in each count; the sentences were ordered to be served concurrently, and they were probated. So his probation would have expired under normal conditions around April 30 of 2012.

Shortly after he was probated in this court he was given up to California to serve a paroled sentence there. And after he finished in California he came back to Tennessee and went to Sumner County. He did not report back here in Robertson County, and his explanation is that he thought based on what he was told by others that the Tennessee sentence was satisfied, or that his probation was terminated. That was incorrect information but - - but he might have been - - he might have thought that, you know. I don't know whether he thought it or didn't think it. He says he thought it by that's - - that's not what is of the main concern to this Court.

The main concern of this Court is that he committed these crimes in Sumner County, according to these judgment forms, on February the 15th - - February 14th and 15th of 2011. So it shows that after he was placed on probation in this court in April of 2010 he committed new crimes in Sumner County in February of 2011, which was within his probation period here. His punishment today is not because he might have misunderstood his status; his punishment today is because he continued to commit crimes while he was on probation and he has to pay for that.

The Court finds he violated the terms and conditions of the Robertson County probated sentences by committing new crimes of theft in Sumner County, and he's ordered to serve the balance of the sentence at T-D-O-C [sic].

**III. Standard of Review**

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310 - 311(e). The decision to revoke probation

rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community correction sentence has occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

In this case, it is undisputed that Defendant violated the terms and conditions of his probation by committing the crimes of theft of property valued over $1,000, committed on February 15, 2011, and attempted theft of property valued over $1,000, committed on February 14, 2011. Defendant asserts that he was "under the impression that his probation had been terminated" because his "California parole officer told him so." However, Defendant's "impression" does not change the fact that he committed new offenses while still on probation in Tennessee. Therefore, the trial court did not abuse its discretion in ordering Defendant to serve the balance of his two-year sentence in confinement. This Court has held "that an accused, already on probation, is not entitled to a second grant of probation or any other form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CCA-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., Feb. 10, 1999) *perm. app. denied* (Tenn., June 28, 1999).

## CONCLUSION

After a thorough review of the record before us, we conclude that the trial court did not err in revoking Defendant's probation and ordering him to serve the balance of his effective two-year sentence.

_____
THOMAS T. WOODALL, JUDGE